O

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| **ANTHONY REYNA,** | § | |
| | § | |
| Petitioner, | § | |
| v. | § | **CIVIL ACTION V-03-0002** |
| | § | |
| **DOUGLAS DRETKE, Director, Texas** | § | |
| **Department of Criminal Justice,** | § | |
| **Institutional Division,** | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM & ORDER**

Anthony Reyna ("Reyna") filed a petition for a writ of habeas corpus challenging his state court conviction and his non-release to parole or mandatory supervision from confinement in the Texas Department of Criminal Justice-Criminal Institutions Division (TDCJ-CID). Pending before the Court is Respondent Douglas Dretke's Motion for Summary Judgment (Dkt. #10). Also pending before the court are Reyna's Motion for Summary Judgment (Dkt. #11), Motion (For petitioner's Response) That Respondent's time Limitation Was Over Due November 20, 2004 (Dkt. #13), Motion for Reconsideration (Dkt. # 14), and Motion to Forward Forms (Dkt. # 16). The Court grants Respondent's motion and denies Reyna's motions.

**Factual and Procedural Background**

Reyna was held by Respondent pursuant to a judgment and sentence of the 339th District Court of Harris County, Texas, in cause number 602086, styled *The State of Texas v. Anthony Reyna.* Reyna plead guilty to the felony offense of burglary of a habitation. On November 1, 1991 Reyna was sentenced to ten years in prison. Reyna did not directly appeal his conviction, nor did he file a an application for a state writ of habeas corpus. Reyna filed the instant petition on

December 30, 2002.

## Analysis

**I.     Respondent's Motion for Summary Judgment**

In his Petition Reyna attacks his conviction on the grounds of ineffective assistance of counsel.  Additionally, Reyna argues that he should have been released to mandatory supervision or parole because of the amount of time credits he earned while he was in the Respondent's custody.  In the alternative he seeks monetary damages for his non-release.

**A.     Statute of Limitations**

Reyna filed his federal habeas petition on December 30, 2002.  His petition is therefore subject to the amendments to the federal habeas corpus statutes embodied in the Anti-Terrorism and Effective Death Penalty Act ("AEDPA").  *See Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998).  Under the AEDPA, federal habeas petitions which challenge state court judgments are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)(2).

Because he never invoked the direct review process, Reyna's conviction became final upon the expiration of the time for seeking review. Reyna was sentenced on November 1, 1991, and a notice of appeal must be filed within 30 days after the day sentencing is imposed. TEX. R. APP. PROC. 26.2(a)(1). Because Reyna did not file a timely notice of appeal,[1] his conviction became final on December 2, 1991.[2] The AEDPA one-year limitations period began to run the next day on December 3, 1991 and expired on December 3, 1992. *See Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003), citing *Flanagan*, 154 F.3d at 197 ("In computing any period of time prescribed or allowed by these rules, by the local rules of any district court, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included.").

Nonetheless, in cases where the limitation period expired before the AEDPA's enactment, as is the case here, the petitioner is provided a grace period in which to file a federal habeas petition. *United States v. Flores*, 135 F.3d 1000, 1002-05 (5th Cir. 1998). In the event a petitioner is entitled to a one-year grace period, the grace period begins to run with the passage of the

---

[1] Reyna submits that he did file an appeal. However, it is apparent from his description of his "appeal" that he actually filed a writ of mandamus.

[2] The thirty-day period actually would have ended on Sunday, December 1, 1991. However, the last day of the period is not included in the calculation when it is a Saturday, Sunday or holiday. TEX. R. APP. PROC. 4.1. Thus, the thirty-day period legally ended on Monday December 2, 1991.

AEDPA on April 24, 1996 and closes on April 24, 1997. *See Flanagan*, 154 F.3d at 202 (establishing April 24, 1997 as the last day of the grace period to file a timely federal habeas petition). Thus, Reyna's federal petition filed on December 30, 2002 was filed over five years late.

The AEDPA provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Reyna asserts that he filed an application for a state writ of habeas corpus and lists the cause number as 53,292-01. After referring to the website for the Texas Court of Criminal Appeals, *at* http://www.cca.courts.state.tx.us/, for case number WR-53,292-01, the Court determined that the application Reyna referred to is actually for a writ of mandamus filed under the name of "Mark Anthony Reyna." Additionally, Respondent has filed a letter from the Clerk of the Court of Criminal Appeals certifying that he was unable to find any applications for a writ of habeas corpus in the name of Anthony Reyna.[3] There is simply no indication that any application for a state writ of habeas corpus was actually filed. Thus, the Court need not determine whether Reyna was entitled to have the AEDPA limitations period tolled while this alleged state "writ" was under consideration.

Accordingly, Reyna's petition is time barred unless he can prove he is entitled to equitable tolling. The AEDPA statute of limitations can be tolled only in "exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 810 (1998). The circumstances here are by no means exceptional. *See Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996) ("Equitable tolling applies

---

[3] Respondent's Motion for Summary Judgment (Dkt. #10), Exhibit C.

principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights."). Indeed, Reyna has not even argued that he is entitled to equitable tolling.

Additionally, there is no indication or allegation that Reyna was subject to any state action that impeded him from filing his petition. 28 U.S.C. § 2244(d)(1)(B). There is also no showing of a newly recognized constitutional right upon which the petition is based; nor is there any indication that any factual predicate of the claims could not have been discovered before the conviction became final. 28 U.S.C. § 2244(d)(1)(C), (D). Therefore, Reyna's habeas petition is untimely pursuant to 28 U.S.C. § 2244(d)(1)(A).

### B. Challenge Based on Non-Release to Mandatory Supervision or Parole

Reyna argues that he should have been released to mandatory supervision or parole. The Respondent counters that Reyna's challenge to his non-release is moot because he is no longer incarcerated. The record before the Court indicates that Reyna discharged his sentence and was released from TDCJ on July 22, 2003.[4]

Jurisdiction is not defeated by a petitioner's subsequent release from custody while the petition is pending. *Carafas v. LaValee*, 391 U.S. 234, 237 (1968). The Supreme Court has exhibited a willingness to presume that a wrongful conviction carries with it continuing collateral consequences that survive expiration of the petitioner's sentence. *Id.* However, when a petitioner is challenging aspects of his sentence rather than the underlying conviction, the presumption applied in *Carafas* does not apply. *Lane v. Williams*, 455 U.S. 624, 631-33, 102 S. Ct. 1322 (1982). A petition thus becomes moot if the court cannot grant the petitioner any effective relief. *See Vieux Carre Property*

---

[4] Respondent's Motion for Summary Judgment (Dkt. #10), Exhibit B.

*Owners, Residents and Associates, Inc. v. Brown*, 948 F.2d 1436, 1446 (5th Cir. 1991).

Reyna's challenge to his non-release to mandatory supervision or parole is now immaterial after his release because the prison's administrative action is relevant only with regard to obtaining an early release from prison.  TEX. GOV'T. CODE ANN. § 498.003 (a) (West 2004).   In other words, Reyna has attacked his confinement in TDCJ-CID and has since been released, so the petition must now be dismissed as moot.  *See Lane*, 102 S. Ct. at 1327.

**II.     Reyna's Motions**

Reyna has filed a Motion for Summary Judgment (Dkt. #10), in which he argues that he is entitled to summary judgment on the ground that the Respondent failed to comply with the Court's Order (Dkt. #7), requiring respondent to file an answer, dispositive motion, or other responsive pleading no later than November 20, 2004 and to forward a copy of the same to Reyna.  The Court is of the opinion that the Respondent fully complied with the Court's Order.  Respondent filed his Motion for Summary Judgment on November 18, 2004, two days before the deadline imposed by the Court.  Moreover, the Court never specified a date on which Respondent was required to serve a copy on Reyna; it merely specified a date on which the motion had to be filed with the Court.  Respondent has informed the Court that it attempted to send a copy of his Motion for Summary Judgment to Reyna, but the mail was returned indicating that Reyna had been released.  Respondent has also informed the Court that it has mailed Reyna another copy of the Motion for Summary Judgment. Reyna has not proven that he was prejudiced by not receiving a copy of Respondent's motion by November 20, 2004.  Therefore, he is not entitled to summary judgment.

 In Reyna's Motion (For petitioner's Response) That Respondent's time Limitation Was Over Due November 20, 2004 (Dkt.# 13), he essentially moves for  a "new"summary judgment on the

grounds just discussed. He also filed what the Court perceives to be a Motion for Reconsideration (Dkt. # 14), in which he asks the court to "re-make" its decision with respect to his original Motion for Summary Judgment. Based upon the Court's discussion above, these motions are denied.

Finally, in Reyna's Motion to Forward Forms (Dkt. # 16), he asks the Court to order Texas state courts to send the Court copies of his applications for state writs of habeas corpus. The custodian of those records, however has stated that he was unable to find any applications for a writ of habeas corpus in the name of Anthony Reyna.[5] Therefore, the Court does not deem it necessary to order the Court of Criminal Appeals to send documents that it has already declared do not exist. The motion is denied.

## Certificate of Appealability

Under 28 U.S.C. § 2253, Reyna needs to obtain a certificate of appealability before he can appeal this Memorandum & Order dismissing his petition. A certificate of appealability may be issued only if Reyna makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(B)(2); *Williams v. Puckett*, 283 F.3d 272, 276 (5th Cir. 2002). To make such a showing, Reyna must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further. *Lucas v. Johnson*, 132 F.3d 1069, 1073 (5th Cir. 1998). *See also Morris v. Dretke,* 379 F.3d 199, 204 (5th Cir. 2004). For the reasons stated in this Order, Reyna has not made a substantial showing of the denial of a constitutional right. *Newby v. Johnson*, 81 F.3d 567, 569 (5th Cir. 1996); 395 F.3d at 561. The Court **DENIES** the issuance of a certificate of appealability in this action.

---

[5] Respondent's Motion for Summary Judgment (Dkt. #10), Exhibit C.

**Conclusion**

The Court **ORDERS** the following:

1. Respondent's Motion for Summary Judgment (Dkt. #10) is **GRANTED**.

2. Reyna's Motion for Summary Judgment (Dkt. #11) is **DENIED**.

3. Reyna's Motion (For petitioner's Response) That Respondent's time Limitation Was Over Due November 20, 2004 (Dkt. #13) is **DENIED**.

4. Reyna's Motion for Reconsideration (Dkt. # 14) is **DENIED**.

5. Reyna's Motion to Forward Forms (Dkt. # 16) is **DENIED**.

6. This action is **DISMISSED**, with prejudice.

7. A certificate of appealability is **DENIED**.

**SIGNED** on this 27th day of June, 2005.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE